JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-06389-RGK (JC) | Date | October 5, 2015 |
|---|---|---|---|
| Title | *EAGLE VISTA EQUITIES, LLC v. VICTOR, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 6)

On August 21, 2015, defendant John Jackson ("Defendant"), *in pro per*, removed this action from the Los Angeles County Superior Court to the United States District Court, Central District of California. On September 1, 2015, plaintiff Eagle Vista Equities, LLC ("Plaintiff") filed the present Motion to Remand, which is unopposed.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, *et seq.* The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Plaintiff argues that removal is improper because Defendant has failed to show that Plaintiff's claim arises under federal law or that diversity jurisdiction exists. The Court agrees.

First, Defendant fails to establish that Plaintiff's claim arises under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's Complaint is a discrete action for unlawful detainer, an action that exclusively invokes authority pursuant to California statute. The Complaint does not set forth any claims arising under the U.S. Constitution, treaties, or laws of the United States for which the Court would have "original jurisdiction." 28 U.S.C. § 1441(b). Accordingly, the Court does not have federal question jurisdiction.

Second, Defendant fails to show that diversity jurisdiction exists. Plaintiff's Complaint for unlawful detainer indicates on its face that the amount in controversy does not exceed $10,000. Federal jurisdiction based on complete diversity requires that all parties to the action be completely diverse in

citizenship and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). Since the unlawful detainer action does not meet the amount in controversy threshold, the Court does not have diversity jurisdiction.

In his Notice of Removal, Defendant states without explanation that he "currently has a lawsuit pending in federal court and is therefore removing this case to said court so it may be heard along with the pending case." (Def.'s Notice of Removal, 2:22-24.) However, Defendant does not describe or provide evidence regarding the relationship between that pending case and the present one. The mere fact that Defendant is a party in another case presently in federal court, even if true, does not suffice to establish the Court's subject matter jurisdiction over the present action.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand. For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

:

Initials of Preparer